B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>David Raymond Murphy | DEFENDANTS<br><br>Nationstar Mortgage, LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>Wayne Sigmon, Sigmon & Henderson, PLLC<br>518 S. New Hope Road, Gastonia, NC, 28054 (704-865-6265) | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is an action for contempt of court for violations of the 11 U.S.C. § 524(a)(2) Discharge Injunction and Rule 3001.2 of the Federal Rules of Bankruptcy Procedure seeking relief in the form of actual and punitive damages, legal fees, costs, and declaratory relief.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
Imposition of Discharge
Money demand to be determined, but an amount over $10,000.00

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR David Raymond Murphy | BANKRUPTCY CASE NO. 10-30464 |||
| DISTRICT IN WHICH CASE IS PENDING Western District of North Carolina | DIVISION OFFICE Charlotte || NAME OF JUDGE Other    Beyer |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

DATE: 5/30/13

PRINT NAME OF ATTORNEY (OR PLAINTIFF): Wayne Sigmon

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

DAVID RAYMOND MURPHY              CASE NO. 10-30464
SSN xxx xx 5897                   (Chapter 13)

Debtor.

---

DAVID RAYMOND MURPHY

Plaintiff,

vs.                               ADVERSARY
                                  PROCEEDING
NATIONSTAR MORTGAGE, LLC,         NO._____

Defendant.

---

## COMPLAINT

COMES NOW, the Plaintiff, DAVID RAYMOND MURPHY, by and through the undersigned counsel, and sues the Defendant, NATIONSTAR MORTGAGE, LLC ("Nationstar"), and alleges:

### Preliminary Statement

1. This is an action for contempt of court for violations of the Discharge Injunction and Rule 3001.2 of the Federal Rules of Bankruptcy Procedure seeking relief in the form of actual and punitive damages, legal fees, costs, and declaratory relief.

### Parties

2. The plaintiff, David Raymond Murphy ("Plaintiff"), is the debtor in Chapter 13 case number 10-30464, which was filed in this Court on February 24, 2010.

3. The defendant, Nationstar Mortgage, LLC ("Nationstar"), is a mortgage servicing entity doing business in the State of North Carolina.

## Jurisdiction and Venue

4. This Court has jurisdiction of the matter pursuant to 28 U.S.C. §157. This is a core proceeding. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Plaintiff resides in Gaston County, North Carolina. Nationstar is a limited liability company conducting regular business in Gaston County, North Carolina.

## General Allegations

5. Plaintiff is the owner of real property located at 518 Beverly Drive, Gastonia, North Carolina, 28054 (hereinafter the "Real Property"). Plaintiff disclosed in his Chapter 13 case a Deed of Trust upon the Real Property, which was identified as Bank of America account number xxxxxx5415 (the "Deed of Trust Debt"). The Real Property is Plaintiff's residence.

6. On February 24, 2010, Plaintiff filed his Chapter 13 plan and served a copy on Bank of America, N.A., by first-class U.S. mail (Doc. No. 5). In his plan, Plaintiff proposed to pay the Deed of Trust Debt conduit.

7. This Court's order confirming Plaintiff's Chapter 13 plan was entered on April 23, 2010 (Doc. No. 11). As indicated by a Certificate of Service signed by Joseph Speetjens under penalty of perjury and filed in this Court on April 25, 2010, a copy of the Order Confirming Plan was mailed by the Bankruptcy Noticing Center to Bank of America (Doc. No. 12).

8. On June 15, 2010, on behalf of Bank of America as its mortgage servicer, BAC Home Loans Servicing, LP, filed in this Court's claims registry Proof of Claim #3 alleging a claim secured by a Deed of Trust upon the Real Property for the total amount of $71,244.07, of which $318.66 was alleged to be pre-petition arrearage.

9. At all times referred to herein, Plaintiff remained current on his conduit mortgage payments.

10. On or about October 26, 2011, Nationstar mailed two letters to Plaintiff stating that the Deed of Trust Debt was sold, transferred or assigned by Bank of America to Nationstar as of October 15, 2011. At the time of the alleged transfer and upon mailing its October 2011 letters to Plaintiff regarding the transfer, Nationstar failed to file a notice or evidence of the transfer of claim pursuant to Federal Rule of Bankruptcy Procedure 3001(e) ("Rule 3001(e)"). Nationstar also failed to file Local Form 12 and Official Bankruptcy Form B210 as required by Local Rules 2002-1(b) and 3001-1(d), respectively. Furthermore, Nationstar had failed to provide notice or evidence to the Standing Trustee regarding the alleged transfer.

11. On or about November 21, 2011, Nationstar mailed another letter to Plaintiff claiming that he had not maintained a hazard insurance policy on his residence. In response, Plaintiff had his hazard insurance carrier provide Nationstar with records verifying Plaintiff's coverage and that he was current on the insurance premiums, which were included with his conduit mortgage payments. Upon mailing its November 2011 letter to Plaintiff, Nationstar had still failed to file a notice of the transfer of claim pursuant to Rule 3001(e) and the Local Rules, and it had not notified the Standing Trustee.

12. On or about December 2011, Plaintiff called Nationstar to inquire as to whether this Court and the Standing Trustee had been notified of the alleged assignment of the Deed of Trust Debt. A phone representative for Nationstar assured Plaintiff that everything had been taken care of and that he need not worry. Plaintiff also notified the phone representative that the undersigned counsel represented Plaintiff in his Chapter 13 case, and Plaintiff provided the undersigned counsel's contact information. As of the December 2011 telephone call, Nationstar had still failed to file a notice of the transfer of claim pursuant to Rule 3001(e) and the Local Rules, and it had not notified the Standing Trustee.

13. On or about January 2012, Plaintiff checked the status of his plan payments on the Standing Trustee's online database. Plaintiff discovered that the two payments that had been most recently disbursed to Bank of America had been returned, and that the Standing Trustee had no record of Nationstar as transferee of Claim #3. As of the end of January 2012, Nationstar had still failed to file a notice of the transfer of claim pursuant to Rule 3001(e) and the Local Rules, and it had not notified the Standing Trustee.

14. On February 10, 2012, Plaintiff received a letter from Nationstar stating that he was over sixty days delinquent on his mortgage payments. Included with its notice of default, Nationstar attempted to collect the Deed of Trust Debt directly from Plaintiff by providing an application for Plaintiff to complete for assistance with his mortgage. After contacting Plaintiff directly, Nationstar then faxed a letter to the undersigned counsel seeking authorization to contact Plaintiff.

15. On March 16, 2012, Plaintiff filed a "Motion for Judgment Declaring Debtor Current on Conduit Mortgage Payments and for Sanctions Against Mortgage Servicer for Failure to File Evidence of Transfer of Claim and for Violation of the Automatic Stay" (Doc. No. 19). As recounted in the preceding paragraphs, the basis of Plaintiff's motion was that, notwithstanding actual knowledge of his case, Nationstar failed to comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules for transfers of claims, and it intentionally attempted to collect the Deed of Trust Debt directly from Plaintiff in violation of the automatic stay of 11 U.S.C. § 362. As indicated by Certificate of Service signed by the undersigned

counsel, the March 2012 motion and a notice of hearing was served on Nationstar by U.S. first-class mail.

16. On April 10, 2012, a hearing was held on Plaintiff's March 2012 motion. Nationstar had not responded to the motion and did not appear at the hearing.

17. On April 11, 2012, this Court entered an Order and Judgment Declaring Debtor Current on Conduit Mortgage Payments and Awarding Damages to Debtor (Doc. No. 20). As indicated by a Certificate of Service filed in this Court on April 11, 2012, a copy of the April 2012 Order was mailed to Nationstar by first class and certified mail, return receipt requested (Doc. No. 12). The undersigned counsel did receive the return receipts from Nationstar confirming delivery.

18. In the April 2012 Order, this Court declared Plaintiff current on his conduit mortgage payments and disallowed any arrearage claim of Nationstar. Additionally, the Court ordered Nationstar to file evidence of the transfer of claim within thirty days with a hearing to determine its compliance set for May 15, 2012. The Court also awarded Plaintiff attorney's fees and costs.

19. On April 23, 2012, BAC Home Loans Servicing filed in this Court a notice that it had transferred Proof of Claim #3 to Nationstar (Doc. No. 22). Upon receiving the rights to Proof of Claim #3 and taking up the servicing of the Deed of Trust Debt, Nationstar gave the Deed of Trust Debt a new loan number, xxxxxx3256.

20. At the compliance hearing on May 15, 2012, this Court determined that Nationstar had failed to fully comply with the April 2012 Order. The Court then issued an Order to Show Cause against Nationstar and set the show cause hearing for June 26, 2012. The Show Cause Order was filed (Doc. No. 24) and served (Doc. No. 25) on Nationstar on May 17, 2012, by first class mail and certified mail, for which return receipt was requested and received by the undersigned counsel.

21. In the Show Cause Order, the Court found that, while Nationstar filed a notice of transfer of claim on April 23, 2012, it had not filed any evidence of the transfer as requested by the Court. Furthermore, the Court found that Nationstar continued to contact Plaintiff directly in an attempt to collect the Deed of Trust Debt. Even after filing the notice of transfer, Nationstar telephoned Plaintiff and falsely claimed to have receive authorization from Plaintiff's counsel. On the contrary, Plaintiff's counsel had specifically informed Nationstar that it may not contact Plaintiff. The Court also found that Nationstar continued to send Plaintiff correspondence declaring Plaintiff in default and soliciting an application for a direct payment plan. Nationstar's actions were in direct conflict with the Court's Order declaring the Plaintiff was current as well as the Trustee's representations that Plaintiff had made all conduit payments and all payments required to cure the Deed of Trust Debt.

22. At the show cause hearing on June 26, 2012, Nationstar again failed to appear before the Court. As a result, the Court entered a Second Order to Show Cause declaring sanctions against Nationstar for contempt and awarding additional attorney's fees and costs to Plaintiff (Doc. No. 29). A second show cause hearing was scheduled for July 24, 2012.

23. Before the second show cause hearing, Nationstar retained local counsel to represent it. On August 9, 2012, Nationstar signed a Consent Order, which was entered by this Court (Doc. No. 37) and served on Nationstar (Doc. No. 38) the same day. Pursuant to the Consent Order, Nationstar agreed to the following terms:

    (a) Nationstar would pay Plaintiff all attorney's fees incurred in the matter; and

    (b) In lieu of sanctions, Nationstar agreed to waive any unpaid balance of any pre-petition arrearage claims and post-petition arrearage claims, and it agreed to treat the Deed of Trust Debt as contractually current as of the conduit mortgage payment received August 2012.

24. On August 23, 2012, Plaintiff filed a motion to modify his plan to the amount paid and for a Court determination that he had cured all default and paid all required post-petition amounts (Doc. No. 39). The motion and a notice of hearing were served on all interested parties, including Nationstar, by U.S. first class mail on August 23, 2012. Nationstar did not file a response.

25. On September 13, 2012, this Court entered an Order granting Plaintiff's August 2012 motion after a hearing held two days prior (Doc. No. 40). The Order was served on Nationstar by U.S. first-class mail on September 15, 2012 (Doc. No. 41). Nationstar did not appear at the hearing. In the Order, this Court declared that Plaintiff cured all defaults and paid all required post-petition amounts rendering him current on his mortgage payments for the Deed of Trust Debt as of September 30, 2012, upon receipt by Nationstar of the September disbursement by the Standing Trustee. The Court directed Nationstar to resume accepting direct payments from Plaintiff beginning with the October 2012 mortgage payment.

26. On September 13, 2012, counsel for Plaintiff emailed the attorney representing Nationstar in the negotiations of the Consent Order described in paragraph 23. In the email, Plaintiff's counsel recited the key terms of the Consent Order and the Order granting Plaintiff's August 2012 motion to modify plan. Specifically, Plaintiff would resume making his mortgage payments directly to Nationstar beginning with the October 2012 payment, and that Nationstar had deemed

Plaintiff contractually current. Counsel for Plaintiff also stated the purpose of the email was to ensure that the transition from conduit payments to direct payments to Nationstar would be successful. To that end, Counsel for Plaintiff requested assistance with ensuring that Nationstar begin accepting the direct payments including the resumption of monthly billing statements with updated payment address. The email included authorization, if needed, by Counsel for Plaintiff for Nationstar to resume monthly billing statements beginning with October 2012.

27. On September 14, 2012, and September 19, 2012, Nationstar's bankruptcy attorney responded to the email described in the preceding paragraph. In his responses, he stated that he notified Nationstar more than once that Plaintiff would resume paying Nationstar directly pursuant to the Consent Order and Order granting the modified plan. Nationstar's bankruptcy counsel also stated that Nationstar agreed to send monthly billing statements with payment address.

28. On September 19, 2012, the Standing Trustee filed in this Court his Report of Completion of Plan Payments (Doc. No. 42). The Trustee's online Claims Listing reports that all claims to be paid through the plan for the Deed of Trust Debt were paid in full by the funds received from Plaintiff's plan payments. Furthermore, the Trustee's online Financial Summary reports that Plaintiff paid all of his conduit mortgage payments. A true and complete copy of the Trustee's online Claims Listing is attached hereto and incorporated herein by reference as Exhibit "A". A true and complete copy of the Trustee's online Financial Summary is attached hereto and incorporated herein by reference as Exhibit "B".

29. On September 19, 2012, the undersigned counsel filed in this Court and served Plaintiff's "Motion for Entry of Discharge and Debtor Certification Regarding Plan Completion" with a Notice of Opportunity for Hearing and signed Certificate of Service to all creditors and interested parties on the Court's mailing matrix, including Nationstar (Doc. No. 43). No creditors or other interested parties filed a response.

30. On October 12, 2012, this Court entered its "Discharge of Debtor After Completion of Chapter 13 Plan" (Doc. No. 44) (the "Discharge"). As indicated by a Certificate of Service signed by Joseph Speetjens under penalty of perjury and filed in this Court on October 14, 2012, a copy of the Discharge was mailed by the Bankruptcy Noticing Center to Nationstar.

31. On November 20, 2012, the Trustee filed his "Chapter 13 Final Report and Account Completed" (Doc. No. 46). The Trustee's final report listed the claims and distributions to date, showing that any arrearage on the Deed of Trust Debt was satisfied in full.

32. On November 21, 2012, this Court entered the Final Decree closing the Plaintiff's bankruptcy case (Doc. No. 47), which was mailed to Nationstar by the Bankruptcy Noticing Center on November 23, 2012, as shown by a Certificate of Service filed in this case (Doc. No. 48).

33. Since the entry of Plaintiff's Discharge, Plaintiff has paid in a timely manner all of his regular mortgage payments upon the Deed of Trust Debt. Plaintiff's checking account statements from October 2012 through April 2013 list each regular monthly mortgage payment made post-discharge to Nationstar. A summary of the payment information reflected on the statements beginning with the first post-discharge payment due from Plaintiff is provided as follows:

| | | |
|---|---|---|
| October 11, 2012 | Confirmation #4930175 | $595.36 |
| November 13, 2012 | Confirmation #5248127 | $595.36 |
| December 5, 2012 | Confirmation #5471001 | $595.36 |
| January 4, 2013 | Confirmation #5974171 | $608.52 |
| February 11, 2013 | Confirmation #6183734 | $608.52 |
| March 4, 2013 | Confirmation #6503962 | $608.52 |
| April 4, 2013 | Confirmation #6892160 | $608.52 |

Plaintiff made each monthly payment over the phone as Nationstar would not send him monthly statements by mail. True and complete copies of the Plaintiff's personal checking account statements are attached hereto and incorporated herein by reference as Exhibit "C".

34. On or about March 27, 2013, despite having actual knowledge of the various Court Orders declaring Plaintiff current, Trustee reports of completed plan payments, and Plaintiff's Discharge, Nationstar mailed to Plaintiff at his residence a letter dated March 27, 2013, stating that Plaintiff had just filed a bankruptcy case. In the letter, Nationstar provided information to Plaintiff that treated him as if he was in default and needed loss mitigation assistance or a special address for sending payments while in bankruptcy.

35. On or about April 10, 2013, despite having actual knowledge of the various Court Orders declaring Plaintiff current, Trustee reports of completed plan payments, and Plaintiff's Discharge, Nationstar mailed to Plaintiff at his residence a letter dated April 10, 2013, stating that Plaintiff was in default on the Deed of Trust Debt by 67 days. Nationstar further threatened to initiate foreclosure proceedings if Plaintiff did not pay $1,995.86 to cure the default within 45 days.

36. On or about April 15, 2013, despite having actual knowledge of the various Court Orders declaring Plaintiff current, Trustee reports of completed plan payments, and Plaintiff's Discharge, Nationstar represented to the North Carolina Housing

Finance Agency that Plaintiff was in default on his mortgage payments. Plaintiff became aware that Nationstar had related this false information when he received a letter dated April 15, 2013, from the Agency informing that his servicer was reporting him in default and offering foreclosure prevention assistance.

37. On or about May 1, 2013, despite having actual knowledge of the various Court Orders declaring Plaintiff current, Trustee reports of completed plan payments, and Plaintiff's Discharge, Nationstar mailed to Plaintiff at his residence a letter dated May1, 2013, stating that Nationstar was placing Plaintiff's regular mortgage payments in a "suspense" account rather than applying them to principal and interest.

38. On or about May 8, 2013, despite having actual knowledge of the various Court Orders declaring Plaintiff current, Trustee reports of completed plan payments, and Plaintiff's Discharge, Nationstar mailed to Plaintiff at his residence a letter dated May 8, 2013, again alleging that Plaintiff was in default on the Deed of Trust Debt by 67 days. Nationstar further threatened to initiate foreclosure proceedings if Plaintiff did not pay $2,089.15 to cure the default within 45 days.

39. At no time did Nationstar file a Notice of Payment Changes, Fees, Expenses or Charges in compliance with Federal Bankruptcy Rule of Procedure 3002.1 after the Rule came into effect on December 1, 2011.

40. Since the entry of Plaintiff's Discharge, Plaintiff called Nationstar each month to request monthly account statements be delivered to him, but Nationstar did not comply until April 2013. In a billing statement dated April 10, 2013, Nationstar claimed that Plaintiff was in default in the amount of $2,924.41 and demanded full payment by May 1, 2013.

41. As a result of Nationstar's actions, Plaintiff has been materially injured by the Deed of Trust Debt being wrongfully declared as in default in the amount of $2,924.41 after diligently curing the debt and keeping it current since the filing of his Chapter 13 case. Further, Plaintiff has been injured by enduring the emotional distress and anxiety of being lead to believe that the successful completion of his Chapter 13 plan and Discharge has had no effect on the status of the Deed of Trust Debt. In addition, Nationstar's declaration that the Deed of Trust Debt is in default causes substantial harm to Plaintiff's credit rating undercutting the fresh start achieved by his Discharge.

### FIRST CAUSE OF ACTION
### VIOLATION OF § 524(a)(2) DISCHARGE INJUNCTION

42. The allegations of paragraphs 1 through 41 above are realleged as if fully set forth herein verbatim.

43. Under 11 U.S.C. § 524(i), the willful failure of a creditor to credit payments received under a plan confirmed by this Court constitutes a violation of the § 524(a)(2) discharge injunction when the creditor has received all payments required under the plan in the manner required by the plan, and its failure to properly credit the payments causes a material injury to the debtor.

44. The actions of Nationstar in alleging a post-discharge arrearage and threatening to foreclose on Plaintiff's residence despite receiving all payments required under the confirmed plan constitute willful failure to properly credit payments and materially damages Plaintiff by putting him in wrongful default in the amount of $2,924.41 and by putting him at imminent risk of the wrongful foreclosure of his home.

45. As a result of the violations of 11 U.S.C. § 524(a)(2), Nationstar is in contempt of a court order punishable by an award to the Plaintiff of actual damages, punitive damages, and legal fees.

46. These acts of Nationstar are also in violation of the North Carolina Consumer Protection Act. Under N.C.G.S. §75-52, Nationstar was and is prohibited from engaging in any conduct the natural consequences of which is to oppress, harass, or abuse any person. The actions and conduct of Nationstar are oppressive and abusive and in violation of the applicable provisions of Article 2 of Chapter 75 of the North Carolina General Statutes. Such violations of state law further support imposing punitive damages for the Nationstar's contempt of court identified herein.

## SECOND CAUSE OF ACTION
## CONTEMPT OF COURT

47. The allegations of paragraphs 1 through 46 above are realleged as if fully set forth herein verbatim.

48. The conduct of Nationstar in assessing and charging arrearage balances and fees to the Deed of Trust Debt of the plaintiff post-discharge, which balances and fees were not actually due and which are false and fraudulent, constitute contempt of this Court.

49. Pursuant to 11 U.S.C. § 105, this Court has authority to "issue any Order, process or judgement that is necessary or appropriate to carry out the provision of this title."

50. This Court should impose serious sanctions against Nationstar for disregarding this Court's Order entered August 9, 2012, (to which Nationstar consented)

declaring the debtor contractually current on the Deed of Trust Debt, this Court's Order entered September 13, 2012, declaring the debtor contractually current on the Deed of Trust Debt, and this Court's Discharge Order by assessing balances and charging fees and costs to the Plaintiff on the Deed of Trust Debt post-petition which are not due, which are false, and which were not approved by the Court.

## THIRD CAUSE OF ACTION
## VIOLATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 3002.1

51. The allegations of paragraphs 1 through 50 above are realleged as if fully set forth herein verbatim.

52. Federal Rule of Bankruptcy Procedure 3002.1 requires secured creditors to file and serve on a debtor, debtor's counsel, and the trustee notice of any change in payment amount, including changes resulting from interest rate or escrow adjustments, and notice itemizing all fees, expenses or charges incurred in connection with the claim after the bankruptcy case was filed and recoverable against the debtor or the debtor's residence.

53. To the extent that the default balance alleged by Nationstar is based upon payment changes, additional fees, expenses or charges incurred during the pendency of Plaintiff's Chapter 13 case, Nationstar is in violation of Rule 3002.1 as it failed to file any notice as required by the rule.

54. Pursuant to Rule 3002.1(i), Nationstar should be precluded from presenting the omitted information in any form as evidence in this adversary proceeding, and Plaintiff should be awarded appropriate relief, including reasonable expenses and attorney's fees.

## FOURTH CAUSE OF ACTION
## DECLARATION OF STATUS OF ACCOUNT AS CURRENT

55. The allegations of paragraphs 1 through 54 above are realleged as if fully set forth herein verbatim.

56. Pursuant to the Trustee's Final Report and the Court's Discharge Order, Plaintiff cured the Deed of Trust Debt upon the completion of his Chapter 13 plan and entry of Discharge. In addition, Plaintiff has made all of his regular monthly mortgage payments due post-petition and post-discharge. As a result, this Court should order Nationstar to declare the account for the Deed of Trust Debt as contractually current as of the entry of the Court's final order in this adversary proceeding. In addition, this Court should further order Nationstar to immediately take whatever means necessary to correctly report to the credit bureaus that Plaintiff is current on the Deed of Trust Debt as of and since the entry of his Discharge.

WHEREFORE, the Plaintiff respectfully prays the Court:

1. That appropriate sanctions be entered against Nationstar for violation of the § 524(a)(2) discharge injunction and the other actions alleged herein including payment of the plaintiff's actual damages, legal costs and attorneys fees, and punitive damages; and

2. That the Plaintiff be granted the relief provided by Rule 3002.1(i); and

3. That the Plaintiff be granted the Declaratory Relief requested herein; and

4. That Nationstar be ordered to declare the account for the Deed of Trust Debt as contractually current as of the entry of the Court's final order in this adversary proceeding; and

5. That Nationstar be ordered to immediately take whatever means necessary to correctly report to the credit bureaus that Plaintiff is current on the Deed of Trust Debt as of and since the entry of his discharge; and

6. That Nationstar be ordered to produce a full accounting of its application of Plaintiff's payments for the entire life of the loan; and

7. For such other and further relief as is just and proper.

Dated: 5/30/2013

/s/ Wayne Sigmon
Wayne Sigmon, NC Bar #7318
Frederick L. Henderson, Jr., NC Bar #43586
Sigmon & Henderson, PLLC
518 South New Hope Road
Gastonia, North Carolina 28054
p: (704) 865-6265 / f: (704) 874-1300
*Attorneys for the Plaintiff*

## **ATTACHMENT TO SUMMONS**

VIA FIRST CLASS MAIL AND CERTIFIED MAIL RETURN RECEIPT REQUESTED:

Nationstar Mortgage, LLC
Attn: Jay Bray, Member-Manager
350 Highland Drive
Lewisville, TX 75067-4177

Nationstar Mortgage, LLC
Attn: Peter Smith, Member-Manager
350 Highland Drive
Lewisville, TX 75067-4177

Nationstar Mortgage, LLC
c/o Corporation Service Co., Registered Agent
327 Hillsborough Street
Raleigh, NC 27603

VIA FIRST CLASS MAIL ONLY:

David R. Murphy
518 Beverly Drive
Gastonia, NC 28054

Nationstar Mortgage, LLC
P.O. Box 650783
Lewisville, TX 75265

VIA ECF:

Wareen L. Tadlock          Linda Simpson
Chapter 13 Trustee         Bankruptcy Administrator